In re the MARRIAGE OF Diana Marie MILLER and Charles Edwin Miller.

Upon the Petition of Diana Marie MILLER, Appellant,

and Concerning

Charles Edwin MILLER, Appellee.

No. 2-58217.

Supreme Court of Iowa.

Nov. 12, 1975.

Sidney E. Drake of Guernsey & Drake, Centerville, for appellant.

C. K. Pettit of Harris & Pettit, Bloomfield, for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, REES and McCORMICK, JJ.

McCORMICK, Justice.

Petitioner Diana Marie Miller (Diana) appeals from the child custody and economic provisions of a decree dissolving her marriage to respondent Charles Edwin Miller (Charles). We affirm the award of custody of the parties' two children to respondent and modify the economic provisions of the decree.

■ I. No useful purpose would be served by reciting the evidence on the child custody issue. The children involved are Dorothy Kathleen and Rachel Deann, ages seven and five at the time of trial. They are normal, well-adjusted children. Although under the factors delineated in *In re Marriage of Winter*, 223 N.W.2d 165, 166–167 (Iowa 1974), the question is close, we reach the same conclusion as the trial court upon our de novo review of the record. The court did not err in awarding custody of the children to their father.

■ II. Diana contends she should have received an award of alimony. The trial court did divide the few household and personal accumulations of the parties in accordance with her desires but did not award alimony.

At trial time, Diana was 29, and Charles was 31. They had been married eight and one-half years. During that time they made their home on a farm owned by Charles' father. Charles contributed his labor to his father in exchange for a place to live, a one-third interest in a hog-raising operation, and feed for a few cattle. At the time of trial Charles owned six cattle, some hog feeders and hog sheds, and a one-third interest in 130 hogs. The parties had no other significant property holdings.

Charles reported a net taxable income of $9157.94 in 1972, $12,731.42 in 1973, and $7561.43 in 1974.

Diana is a high school graduate with four months additional training in clerical work. She worked for Bankers Life for two and one-half years before the marriage. During the marriage she worked mainly in the home. After the parties separated she obtained a job in Des Moines where she earns $2.10 an hour, resulting in a projected annual income of about $4400.

The parties are in good health. Each seems to have contributed equally to the furtherance of the marriage so long as it lasted, and their modest accumulations have resulted from joint efforts.

Applying the criteria from *Schantz v. Schantz*, 163 N.W.2d 398, 405 (Iowa 1968), except the fault concept, we believe Diana should have received a lump sum alimony award. See *In re Marriage of Gudenkauf*, 204 N.W.2d 586, 588 (Iowa 1973). Accordingly, we modify the decree to award Diana a lump sum alimony award of $5000, payable in annual installments of $1000 due on March 1 for five years commencing in 1976.

■ III. Counsel for Diana has submitted a statement for his services in this appeal, requesting $885 as his fee and $607.18 for expenses. We order that Charles pay these amounts. He shall have 90 days from the date of the filing of this opinion to do so.

IV. We commend counsel on both sides for the rapidity with which this appeal was prepared. Notice of appeal was filed April 15, 1975, and all appeal papers were filed here by July 22, 1975. Counsel have served their clients and the best interests of the children well, without any sacrifice in the quality of their advocacy, by their promptness in complying with rule 344.3, Rules of Civil Procedure.

Modified and affirmed.