STATE of Iowa, Appellee,

v.

**John Louis COOK, Appellant.**

No. 96–610.

Supreme Court of Iowa.

June 18, 1997.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, and Robert E. Hansen, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and TERNUS, JJ.

PER CURIAM.

John Louis Cook appeals from judgment and sentence entered for driving while barred as an habitual offender ("driving while barred"), in violation of Iowa Code sections 321.555(1)[1] and

---

1. Iowa Code § 321.555(1) defines an habitual offender as any person who has accumulated three or more convictions within a six-year period for the following offenses:

    *a.* Manslaughter resulting from the operation of a motor vehicle.

    *b.* Operating a motor vehicle in violation of section 321J.2 or its predecessor statute.

    *c.* Driving a motor vehicle while the person's motor vehicle license is suspended, revoked, or barred.

321.561 [2] (1995). He argues his trial counsel was ineffective for failing to object to the trial information as a violation of Iowa Rule of Criminal Procedure 6(5), the jury instruction regarding the elements of the offense, and the evidence of his habitual offender status. We affirm.

## I. Background Facts and Proceedings

Cook's driver's license was barred from April 25, 1994 to April 25, 1996, due to his habitual offender status. Nevertheless, on August 15, 1995, he borrowed a Mustang pace car from a friend and drove around with Justin Rutter, Cory Burmeister, and Jade Huntington. At approximately 10:30 p.m., Cook led law enforcement officers on a high speed chase after he failed to stop at a stop sign. He eventually lost control of the vehicle, and crashed it into a ditch. Cook and Huntington fled into a bean field; however, Huntington returned to the scene of the accident. The officers did not see who was driving the vehicle, and an unsuccessful search ensued to locate Cook. After eluding the officers, Cook called his cousin, Rhonda Allen, to pick him up. He was covered with mud, and his skin was scratched from hiding in a corn field. Cook told Allen and some other individuals about the chase, admitted he was driving, and asked them to provide him an alibi.

The State subsequently filed a single trial information charging Cook with driving while barred and eluding. The case proceeded to trial. The prosecutor read the charging language contained in the trial information to the jury, including the allegation that Cook's driver's license was barred due to his habitual offender status. During the State's case-in-chief, the prosecutor offered into evidence a redacted copy of Cook's driving record [3]

indicating that he was barred as an habitual offender along with the court order barring his license. Huntington testified Cook was driving the Mustang during the chase. Allen and two other individuals testified about Cook's admissions and his request for an alibi. After the close of the evidence, the trial court instructed the jury that the State must prove that (1) Cook operated a motor vehicle on August 15, 1995, and (2) on that date, his privilege to operate a motor vehicle was barred as an habitual offender.

The jury returned guilty verdicts on both charges. The court sentenced Cook to consecutive, indeterminate two and one-year terms of imprisonment for the driving-while-barred and eluding charges respectively.

Cook appeals from only the driving-while-barred conviction. He contends the State should have been required to file a supplemental trial information, as prescribed in Iowa Rule of Criminal Procedure 6(5), so as not to prejudice the jury with any evidence of his habitual offender status. Based upon this alleged error, he argues his counsel was ineffective for failing to object to the reading of the trial information, to the evidence regarding his habitual offender status, and to the jury instruction regarding the elements of the offense.

## II. Scope of Review and General Principles

Because Cook raises an ineffective-assistance-of-counsel challenge under the Sixth and Fourteenth Amendments to the United States Constitution, our scope of review is de novo. *State v. Yaw*, 398 N.W.2d 803, 805 (Iowa 1987). To establish ineffective assistance of counsel, Cook must prove, by a

---

d. Perjury or the making of a false affidavit or statement under oath to the department of public safety.

e. An offense punishable as a felony under the motor vehicle laws of Iowa or any felony in the commission of which a motor vehicle is used.

f. Failure to stop and leave information or to render aid as required by sections 321.261 and 321.263.

2. Iowa Code § 321.561 provides in pertinent part: "It shall be unlawful for any person convicted as an habitual offender to operate any

motor vehicle in this state during the period of time specified in section 321.560."

Iowa Code § 321.560 provides in part: "A license to operate a motor vehicle in this state shall not be issued to any person declared to be an habitual offender under section 321.555, subsection 1 for a period of not less than two years nor more than six years from the date of judgment...."

3. All references to Cook's prior convictions, except the habitual offender barment entry itself, were concealed on the copy of the driving record submitted to the jury.

preponderance of the evidence, both that his trial counsel failed to perform an essential duty and that prejudice resulted from the failure. *State v. Terry*, 544 N.W.2d 449, 453 (Iowa 1996).

To sustain his burden of proof on the first prong, Cook must overcome the strong presumption that his counsel's actions were reasonable under the circumstances and fell within the normal range of professional competency. *State v. Hildebrant*, 405 N.W.2d 839, 841 (Iowa 1987). "[R]easonableness under prevailing professional norms" is the standard by which counsel's performance is measured. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694 (1984). "Effective assistance of counsel 'means conscientious, meaningful representation.'" *State v. Hepperle*, 530 N.W.2d 735, 739 (Iowa 1995) (quoting *State v. Aldape*, 307 N.W.2d 32, 41–42 (Iowa 1981)).

In order to establish prejudice, Cook must show "that counsel's error worked to his actual and substantial disadvantage, creating a reasonable probability that but for the error the trial's result would have been different." *State v. Ray*, 516 N.W.2d 863, 865 (Iowa 1994). We may dispose of an ineffective-assistance-of-counsel claim if Cook fails to meet either the breach of duty or the prejudice prong. *See Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699; *Hepperle*, 530 N.W.2d at 739.

### III. *Analysis*

The starting point for resolution of Cook's ineffective-assistance-of-counsel claims is Iowa Rule of Criminal Procedure 6(5). That rule provides:

If the offense charged is one for which the defendant, if convicted, will be subject by reason of the Code, to an increased penalty because of prior convictions, the allegation of such convictions, if any, shall be contained in the indictment. A supplemental indictment shall be prepared for the purpose of trial of the facts of the current offense only, and shall satisfy all pertinent requirements of the Code, except that it shall make no mention, directly or indirect-

ly, of the allegation of the prior convictions, and shall be the only indictment read or otherwise presented to the jury prior to conviction of the current offense. The effect of this subdivision shall be to alter the procedure for trying, in one criminal proceeding, the offenses appropriate to its provisions, and not to alter in any manner the basic elements of an offense as provided by law.

The essential purpose of rule 6(5) is to "assure the defendant a fair trial on the primary charge, by requiring that the prosecution file a supplemental trial information referring only to the current offense and not to the prior convictions." *State v. Berney*, 378 N.W.2d 915, 918–19 (Iowa 1985). Therefore, the jury will not hear any reference to the prior convictions when the trial information is read or referred to during trial, assuming those convictions are not otherwise admissible. *Id.* at 919. This court has also suggested that rule 6(5) is a mechanical device to withhold prejudicial allegations of prior violations from the jury. *State v. Soppe*, 374 N.W.2d 649, 651 (Iowa 1985).

In looking at the purpose and plain language of rule 6(5), we find that this mechanism to protect the defendant from the presentation of prejudicial, prior convictions to the jury is not applicable to the offense of driving while barred because (1) it does not involve an increased penalty, and (2) the habitual offender status is an essential element of the offense.

Rule 6(5) applies to prior convictions that are used for the enhancement of penalties. *Id.; State v. Ridout*, 346 N.W.2d 837, 839 (Iowa 1984). Although Cook tries to make the instant offense "fit" within rule 6(5) by arguing his prior convictions that caused his habitual offender status are subjecting him to an enhanced penalty, his argument misses the mark. Because of various prior driving convictions as enumerated in section 321.555(1), Cook has been adjudicated an habitual offender and is prohibited from operating a motor vehicle. If he does so, he is subject to the penalties for driving while barred. Cook's prior convictions are the basis for the barment, and are not being used to enhance the penalties for or the degree of

that driving offense. Unlike subsequent offenses for operating while intoxicated,[4] theft,[5] or domestic abuse assault,[6] a defendant charged with a driving-while-barred offense is not subject to any enhancement provisions. The procedures of rule 6(5) simply do not apply to a driving-while-barred offense because the prior convictions do not result in an increased penalty.

Cook also contends the jury's knowledge of his habitual offender status prejudiced him. However, rule 6(5) cautions that a supplemental indictment is only a procedure for trying the case, and is "not to alter in any manner the basic elements of an offense as provided by law." Iowa R.Crim. P. 6(5). We believe the habitual offender status is clearly a basic element of the offense of driving while barred, and rule 6(5) is inapplicable. *See* Iowa Code § 321.561.

We reach this conclusion by analogy to the trial of a possession-of-a-firearm-as-felon charge. *See* Iowa Code § 724.26. With regard to such an offense, we have stated that a defendant's felony status is an element of the crime, and, absent a defendant's stipulation or concession, the State is required to prove the felony status in its case-in-chief. *State v. Sanborn,* 564 N.W.2d 813, 817 (Iowa 1997); *State v. Walton,* 311 N.W.2d 110, 112 (Iowa 1981). Therefore, otherwise prejudicial evidence—the defendant is a felon—is admissible. Similarly, Cook's habitual offender status is an unavoidable element that the State must prove. If the procedures set forth in rule 6(5) were employed as Cook suggests, the basic elements of the offense would be altered in contravention of the rule.

■ Because we find rule 6(5) does not apply to a driving-while-barred charge, Cook's trial counsel had no duty to object to the trial information. Additionally, because the habitual offender status is an essential element of the crime, the State was required to offer proof of that status in its case-in-chief. Therefore, defense counsel did not render ineffective assistance to Cook by failing to object to the introduction of the redacted copy of the driving record and bar-

ment order, or the court's submission of the challenged jury instruction.

We find trial counsel did not breach an essential duty, thus we need not address the prejudice prong of the ineffective-assistance-of-counsel test. We affirm the judgment and sentence entered by the district court.

**AFFIRMED.**

---

4.  *See* Iowa Code §§ 321J.2(2)(b), (c) (1997).

5.  *See* Iowa Code § 714.2(3) (1997).

6.  *See* Iowa Code §§ 708.2A(3), (4) (1997).