# IN THE COURT OF APPEALS OF IOWA

No. 13-0763
Filed June 11, 2014

**BEAU JACKSON MORRIS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Douglas F. Staskal,

Judge.

        A defendant appeals from the trial court's denial of his second application

for postconviction relief.  **AFFIRMED.**

        Nicholas Einwalter, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney

General, John Sarcone, County Attorney, and Nan Horvat, Assistant County

Attorney, for appellee State.

        Considered by Potterfield, P.J., McDonald, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

Beau Jackson Morris appeals from the trial court's denial of his second application for postconviction relief.

## I. Background Facts and Proceedings

On August 4, 2003, Morris was charged by trial information with robbery in the first degree and sexual abuse in the second degree.  After a trial by jury he was found guilty of both charges.  He appealed the convictions and both were affirmed, but the claim counsel was ineffective in failing to object to testimony commenting on the exercise of his right to remain silent was preserved for a postconviction-relief proceeding.  *See State v. Morris*, No. 04-0201, 2005 WL 839469, at *5 (Iowa Ct. App. Apr. 5, 2005) (hereinafter *Morris I*).  Subsequently, Morris filed a postconviction-relief action, which was unsuccessful.  The adverse decision was appealed but was once again affirmed.  *See Morris v. State*, No. 07-0171, 2007 WL 3377890, at *3 (Iowa Ct. App. Nov. 15, 2007) (hereinafter *Morris II*).  Morris then made an unsuccessful effort to attack his conviction through a federal habeas corpus proceeding.  The federal habeas corpus action was dismissed for Morris's failure to raise a federal issue in the state proceedings or to have exhausted his state remedies.  On May 26, 2010, Morris filed the current application for postconviction relief.  It was again denied, and he has appealed.

The factual background on which the criminal charges and convictions were based is set out in the cases cited above.  There is no need to reiterate the factual background in detail.  It is adequate to note that the prosecution's case in the underlying trial was primarily built on the victim's testimony, supported by

limited but convincing corroborating evidence. There was an allegation at the time of the underlying trial that the victim of the offense suffered from a mental condition that could have affected the reliability of her testimony. The State's motion in limine to exclude any testimony or medical records about the victim's psychological problems was granted and was not reviewed on appeal since no offer of proof was made at the trial level. Morris contends that his initial trial counsel was ineffective in failing to make a record of the content of the excluded testimony and materials. In his pro se brief, applicant contends that because of the exclusion he was denied his constitutional right to confront the witnesses who testified against him and his right to due process. He further contends that the trial court in the instant proceeding erred in not finding previous counsel ineffective for inadequately arguing the prejudice Morris suffered because of the excluded evidence and in failing to, what Morris terms, "federalize" the existing issues.

## II. Standard of Review

Postconviction-relief proceedings are generally reviewed for errors of law, but applications for postconviction relief that allege ineffective assistance of counsel raise a constitutional issue and are reviewed de novo. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

## III. Error Preservation

Error preservation is generally considered present when the issues to be reviewed have been raised and ruled on by the district court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). The claims raised by Morris in this appeal were considered by the trial court and considered barred.

**IV. Discussion**

Morris's claim centers around two issues. The first is the inability to have evidence before the jury concerning the victim's psychological issues; the second is the failure of counsel to, what Morris refers to as, "federalize" the issues.

The first issue raised is a claim the district court that tried the underlying case erred in sustaining the State's motion in limine barring the victim's psychological records without at least making an in camera review of the evidence. In the direct appeal of the conviction, this court held that the trial court's ruling on the motion in limine could not be challenged because no offer of proof was made. *Morris I*, 2005 WL 839469, at *5. In the appeal of Morris's first postconviction-relief application, this court did not address or need to address counsel's alleged breach of duty in failing to make an offer of proof. *Morris II*, 2007 WL 3377890, at *1. To prevail on an ineffective-assistance-of-counsel claim the claimant must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). A claim of ineffective assistance of counsel can be disposed of if it fails to meet either prong. *State v. Cook*, 565 N.W.2d 611, 614 (Iowa 1997). The court hearing the appeal of the first postconviction-relief proceeding found the evidence supporting Morris's convictions to be overwhelming. *Morris II*, 2007 WL 3377890, at *2-3. Therefore, it concluded the exclusion of any evidence relating to the victim's mental issues was harmless. *Id.* at *1.

The issue of ineffective assistance of trial counsel has already been raised and disposed of in previous proceedings. To the extent that any claim was not

previously raised, it has been waived. Claims that were or could have been made in earlier proceedings cannot be raised for the first time in a subsequent postconviction relief proceeding. Iowa Code § 822.8 (2011); *Earnest v. State*, 508 N.W.2d 630, 632 (Iowa 1993). Section 822.8 provides an exception if "the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemented, or amended application." Morris contends that his case falls within the exception and is not subject to waiver because appellate counsel in his first postconviction-relief action was ineffective in arguing that his trial counsel was ineffective. Morris acknowledges that counsel in the first postconviction-relief action raised the issue of ineffective assistance of trial counsel in the underlying case but asserts that counsel was ineffective in adequately arguing the existence of prejudice. The court, addressing the appeal from the initial postconviction relief proceeding, devoted a majority of the written opinion to recounting the overwhelming evidence of Morris's guilt produced at his trial. *Morris II*, 2007 WL 3377890, at *2. The issue of prejudice was thoroughly considered. No amount of argument can change the facts.

The second issue raised by Morris once again fails because of the lack of any showing of prejudice. There is no showing of any federal right that would have given relief to Morris if the case had been properly "federalized." It is true the issues in the habeas corpus action were dismissed and denied by the federal court because of a failure to adequately raise federal issues or to exhaust state court remedies. Counsel could have "federalized" Morris's claims, but he has failed to cite any constitutional provision, federal statute, federal case, or any

other federal authority that would have granted him any relief if those issues could have been addressed in the federal habeas corpus action.  For prejudice to exist there must be a reasonable probability that but for the errors, the result would have been different.  *State v. Artzer*, 609 N.W.2d 526, 531 (Iowa 2000). Morris has not shown any basis or authority upon which the federal courts would have granted him relief or changed the outcome of the habeas corpus action.

**AFFIRMED.**