# IN THE COURT OF APPEALS OF IOWA

No. 13-1549
Filed October 29, 2014

**JEREMY WAYNE OTT,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Wapello County, Daniel P. Wilson,

Judge.

Jeremy Ott appeals the district court's decision denying his application for

postconviction relief. **AFFIRMED.**

Julie DeVries of DeVries Law Office, P.L.C., Centerville, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney

General, Allen Cook, County Attorney, and Andrew J. Ritland, Assistant County

Attorney, for appellee.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**BOWER, J.**

Jeremy Ott appeals the district court's ruling denying his application for postconviction relief (PCR), claiming the court erred in ruling his defense counsel did not render ineffective assistance. We affirm.

**I. Background Facts and Proceedings**

Ott lived in Ottumwa. In July 2009 an Ottumwa convenience store was robbed. In August 2009 Ott was charged with robbery in the first degree. Ott was represented by an experienced defense attorney, John Silko, and Ott demanded a speedy trial. Initially, Silko thought the State's case against Ott was weak based on: (1) seven alibi witnesses willing to testify Ott had been at a party in Newton on the day of the Ottumwa robbery; (2) the lack of eyewitness testimony identifying Ott as the robber; and (3) the lack of forensic evidence tying Ott to the scene. Silko's evaluation changed during trial when the State informed him of evidence weakening the credibility of Ott's alibi witnesses.

The State's case was initially based on: (1) a poor-quality surveillance video insufficient to positively identify the robber but after Ott's former girlfriend viewed it, she believed the robber looked like Ott; (2) Ott owning and pawning a gun with characteristics similar to the gun used in the robbery; (3) shortly after the robbery, the police found a discarded shirt two blocks away matching the description of the robber's shirt; (4) after testing, the DNA on the discarded shirt matched Ott's DNA, and (5) Ott changing his stories about the shirt.[1]

---

[1] First, Ott denied the shirt was his and told the investigators he had a similar shirt but it was in storage. Eventually, Ott admitted the discarded shirt was his.

During Ott's trial, the prosecutor learned Ott had signed an affidavit of personal service in Ottumwa on the day of the robbery. The prosecutor disclosed the new information to Silko and offered to let Ott plead guilty to second-degree robbery. Silko discussed the plea offer and new information with Ott. Ott rejected the plea offer, and the jury trial continued. In November 2009 the jury found Ott guilty as charged.

Ott appealed his conviction, alleging his counsel was ineffective for failing to object to an exhibit label used by the State. In January 2011 we affirmed the conviction, ruling "even if counsel should have objected to the exhibit, Ott was not prejudiced by its publication to the jury." *State v. Ott*, No. 10-0167, 2011 WL 238435, at *1 (Iowa Ct. App. Jan. 20, 2011).

In August 2011 Ott filed an application for postconviction relief (PCR). In August 2013 Ott amended his application to include a claim his attorney provided ineffective assistance of counsel by failing to solicit a plea offer from the State.[2] At the hearing on Ott's application, Silko, prosecutor Allen Cook, and Ott testified. The PCR court denied Ott's claim, stating: "The court questions where, as here, a client demands speedy trial, adamantly maintains his actual innocence, and expresses repeated unwillingness to accept any resolution other than dismissal of the charges, a defense attorney would be charged with a duty to solicit a plea agreement from the State." The court also denied Ott's claim that counsel improperly advised him to reject a plea offer the State made during trial.

---

[2] Ott alleged a second ground concerning a statement made by a State's witness but no evidence on that ground was presented at the postconviction trial.

## II. Standard of Review

We review PCR proceedings for errors at law except for when the basis of relief is constitutional, in which case our review is de novo. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). An applicant's claim his trial counsel rendered ineffective assistance is reviewed de novo. *Ennega v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

To establish an ineffective-assistance-of-counsel claim, Ott must demonstrate, by a preponderance of the evidence, trial counsel failed to perform an essential duty and the failure prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We employ a strong presumption counsel performed reasonably and competently. *State v. Cook*, 565 N.W.2d 611, 613-614 (Iowa 1997).

## III. Ineffective Assistance—Failure to Solicit a Plea Offer and to Communicate an Existing Plea Offer

On appeal, Ott raises a failure-to-communicate claim. He contends Cook's testimony at the PCR hearing shows the State *made* a plea offer prior to trial and counsel failed to communicate the State's plea offer to him. Ott contends he was unaware of this plea offer until Cook testified at the PCR hearing. Ott faults the PCR court's failure to make a specific credibility finding "regarding the prosecutor" when the testimony of Silko and Cook "conflicted." *See Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa 1996) ("The district court has a better opportunity than we do to evaluate the credibility of witnesses. So we think factual disputes depending heavily on such credibility

are best resolved by the district court."). Ott also claims the PCR court abused its discretion in finding no pretrial plea offer was made.

The State contends error is not preserved because Ott's PCR application only alleges defense counsel *failed to solicit* a plea offer from the State. We assume error is preserved and address Ott's challenges.

**A. The District Court's Failure to Make a Specific Credibility Finding Regarding the Prosecutor.** Contrary to Ott's assertion, prosecutor Cook testified "strictly off my memory" and did not testify an oral pretrial plea offer was *actually made* but rather testified in generalities. Cook testified *if* the State had made a plea offer, Cook "believe[d] that I would have made an offer of robbery in the second [degree]. Again, I don't necessarily have a specific recollection of that." Cook reiterated he did not "have any specific recollection about the negotiations prior to trial except that Mr. Silko was demanding a dismissal." Finally, Cook once again testified:

> A. . . . As I said, *I don't have a specific recollection of making an offer* from the State. I believe that *if* I would have, it would have been robbery in the second [degree]. I do have a specific memory on more than one occasion of having a discussion with defense counsel in which he requested that the case be dismissed and that his client was proclaiming that he was innocent.
> Q. Now prior to the commencement of trial, was it communicated to you that [Ott] was professing actual innocence of the charges? A. That's certainly how I took it . . . . He proclaimed so far as I understood from Mr. Silko throughout that he was innocent and that he wasn't going to be pleading to anything.
> Q. So it was your understanding [Ott] was unwilling to entertain a plea offer because it was his position he did not commit any crime versus that the State's case was weak and [it] couldn't prove that he committed the crime. Was that basically your understanding? A. Well, yeah. I think that was reinforced by his speedy-trial demand.

(Emphasis added.)

The above testimony shows the prosecutor could not recall whether or not he had made a pretrial plea offer to Ott. In contrast, Silko testified unequivocally (1) the State did not make a pretrial plea offer, and (2) Ott did not have a plea offer to consider prior to trial. Thus, Cook's testimony to the generalities of his prosecutorial practices on plea offers *does not contradict* Silko's testimony the State did not make a pretrial plea offer in this specific case. Under these circumstances, the PCR court was not called upon to make a specific credibility determination of Silko vis-a-vis Cook before it implicitly found Silko's testimony credible by ruling: "Mr. Silko discussed the possibility of a plea agreement with Ott prior to trial, but Ott continued to maintain his innocence and was unwavering in his belief that the charge against him should be dismissed. The State did not make Ott a plea offer prior to trial."

Ott cites no cases requiring a district court to make specific credibility findings of all witnesses who testify at a PCR hearing. This claim is without merit. Counsel obviously has no duty to communicate a nonexistent pretrial plea offer.

**B. Sufficiency of the Evidence.** Ott also claims the court did not have sufficient evidence to make an ineffective-assistance-of-counsel ruling—"when testimonies conflicted, the lower court did not have sufficient evidence to conclude by a preponderance of the evidence that an offer was not made to [Ott] prior to trial. Instead, the prosecutor's testimony was credible evidence to show an offer was made." Ott concludes: "As a result, the lower court ruled in error,

and remand is required for a conclusion supported by sufficient, credible evidence."

Because we review ineffective-assistance claims de novo, we do not utilize a "sufficiency of the evidence" standard. But, as discussed in section "A." above, Ott's premise—"when testimonies conflicted" is a false premise. After our de novo review of the record, we conclude Ott failed to show his trial counsel had a duty to solicit a plea agreement from the State. Further, even assuming Ott could show such a duty, he has failed to show prejudice.

## III. Ineffective Assistance—Plea Offer at Trial

Ott also alleges trial counsel was ineffective in failing to properly advise him regarding a plea offer made by the State during trial. Ott fails to identify any specific deficiency in counsel's performance. In fact, in response to the question, "Do you have any specific complaint with the advice he gave you?" Ott testified, "I have no idea."

Further, Ott's PCR testimony is inconsistent. Ott initially testified counsel advised him to reject the plea offer and there was no discussion about the advantages and disadvantages of accepting the offer. However, on cross-examination, Ott testified it was possible counsel discussed the benefits and disadvantages of accepting the offer. The only evidence showing counsel improperly advised Ott was Ott's testimony. Silko testified to the discussion he had with Ott about the mid-trial plea offer. After our de novo review, we agree with the PCR court's finding that Silko advised Ott at trial:

> Mr. Silko advised Ott of the consequences of accepting the plea agreement, the differences in punishment between first and second

degree robbery, warned Ott that the affidavit of personal service likely weakened his alibi defense, and discussed general risks attendant with any jury trial. Mr. Silko has been practicing law for approximately forty-two years, is experienced in defending criminal cases, and is knowledgeable in the area of criminal law. His testimony is credible.

Accordingly, we conclude Ott has failed to show his trial counsel was ineffective in this regard.

**AFFIRMED.**