# IN THE COURT OF APPEALS OF IOWA

No. 18-0435
Filed September 25, 2019

**DUSTIN LEE TRUAX,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

The applicant appeals from the denial of his application for postconviction relief. **AFFIRMED.**

Kevin Hobbs, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Potterfield, P.J., and May and Greer, JJ.

**POTTERFIELD, Presiding Judge.**

Dustin Truax appeals from the denial of his application for postconviction relief (PCR). In 2012, a jury convicted Truax of two counts of lascivious acts with a child. *See* Iowa Code § 709.8 (2009). He was later sentenced to serve two consecutive ten-year terms of imprisonment.

Truax filed a direct appeal, in which his only challenge was the sentence imposed by the district court. *See State v. Truax*, No. 13-0242, 2014 WL 970034, at *1 (Iowa Ct. App. Mar. 12, 2014). He argued the court failed to give adequate reasons for imposing consecutive sentences. A panel of our court affirmed the sentence, and procedendo issued in June 2014.

Truax filed his PCR application in October 2015. He amended it once before it came on for hearing in January 2018. Truax maintained the underlying trial information charged him with two class "D" felonies, which were improperly amended to two class "C" felonies after trial but prior to sentencing. He also claimed his trial and appellate counsel provided ineffective assistance in a number of ways. The PCR court denied the petition in its entirety.

On appeal, Truax renews most of his PCR claims. He challenges the amendment to the trial information and urges us to find trial and appellate counsel ineffective, arguing the following errors: failing to object to vouching, hearsay, and more-prejudicial-than-probative evidence; poor performance at trial due to substandard trial preparation; and failure to object to prosecutorial misconduct.

We generally review PCR proceedings for correction of errors at law. *Allison v.* State, 914 N.W.2d 866, 870 (Iowa 2018). That being said, we review constitutional claims, such as ineffective assistance of counsel, de novo. *Id.*

We begin with Truax's claim that the trial information was improperly amended, changing the offenses Truax was charged with from two class "D" felonies to two class "C" felonies. As Truax notes, in ruling on his direct appeal, our court stated in passing that the description of the charges against Truax as "D" felonies in the trial information "was a scrivener's error." *Truax*, 2014 WL 970034, at *1 n.1. Relying on that statement, the PCR court refused to address Truax's claim.

Here, Truax continues to argue that either the trial information was never amended or, at the least, that it was not properly amended. But we iterate our previous statement that the error in the description was simply a scrivener's error, which does not rise to the level of due process violation that Truax claims.

Iowa Code section 709.8 provides:

> It is unlawful for any person sixteen years of age or older to perform any of the following acts with a child with or without the child's consent unless married to each other, for the purpose of arousing or satisfying the sexual desires of either of them:
> 1. Fondle or touch the pubes or genitals of a child.
> 2. Permit or cause a child to fondle or touch the person's genitals or pubes.
> 3. Solicit a child to engage in a sex act or solicit a person to arrange a sex act with a child.
> 4. Inflict pain or discomfort upon a child or permit a child to inflict pain or discomfort on the person.
> Any person who violates a provision of this section involving an act included in subsection 1 or 2 shall, upon conviction, be guilty of a class "C" felony. Any person who violates a provision of this section involving an act included in subsection 3 or 4 shall, upon conviction, by guilty of a class "D" felony.

While the trial information at issue states the charges were class "D" felonies, each count alleges that Truax, "[f]or the purpose of arousing or satisfying the sexual desires of either of them fondle or touch the pubes or genitals of a child OR permit or cause a child to fondle or touch the person's genitals or pubes." These allegations fall within section 709.8(1) and (2), which are explicitly defined as class "C" felonies by the statute. Moreover, the minutes of evidence attached to the trial information support the charges under section 709.8(1) and (2). At other times in the underlying case—including the original criminal complaints that were filed and a plea deal offered to Truax by the State—the charges were correctly described as class "C" felonies. The inaccurate description in the trial information of the "level" of crimes did not prevent Truax from knowing what charges he was facing nor what the allegations against him involved. And Truax does not claim that he was unaware of the amount of time he could be required to serve if convicted or that his strategy would have changed—such as entering into the plea agreement—if the charges were accurately described. The error was merely clerical in nature. *See State v. Holmes*, No. 12-2312, 2013 WL 6405363, at *2 (Iowa Ct. App. Dec. 5, 2013) (denying defendant's claim his sentence was illegal when the sentencing order referenced nonexistent code sections; finding the error was merely clerical in nature and noting the defendant "does not claim here, nor did he in his pro se motion, that he was unaware what crime he was charged with . . . and what specific elements were involved in the State's theory of prosecution at his trial"). And "[n]o indictment is invalid or insufficient, nor can the trial, judgment, or other proceeding thereon be affected

by reason of any defect or imperfection in a matter of form which does not prejudice a substantial right of the defendant." Iowa R. Crim. P. 2.4(7).

Next, we consider Truax's claims of ineffective assistance. He raises a number of specific claims but generally fails to argue how these alleged failures of counsel caused him to suffer prejudice. It is up to Truax to prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Pointing out alleged errors by counsel is not enough, as we begin with the presumption that "counsel's actions were reasonable under the circumstances and fell within the normal range of professional competency." *State v. Cook*, 565 N.W.2d 611, 614 (Iowa 1997). We may dispose of a ineffective-assistance-of-counsel claim when Truax fails to proves either the breach-of-duty prong or the prejudice prong. *See id.*

Truax places his various claims in three groups: (1) improper vouching by an expert witness, (2) cumulative errors by trial counsel, and (3) prosecutorial misconduct.

Within his first grouping, Truax argues his trial and appellate counsel were ineffective when they failed to object to vouching testimony by the forensic interviewer who interviewed both complaining witnesses. But Truax did not first get a ruling on this issue by the PCR court, and he does not claim his PCR counsel was ineffective. Therefore, this claim has not been preserved for our review. *See Archer v. State*, No. 12-0995, 2013 WL 4769344, at *3 (Iowa Ct. App. Sept. 5, 2013) (determining the applicant's claim was not preserved for review because it "was not ruled upon by the [PCR] court, and [the applicant]

d[id] not raise it within the context of a claim of ineffective assistance of postconviction counsel").

Additionally, Truax maintains his trial counsel should have objected to the handwritten notes from the students' counselor that were taken when S.M. first made the allegation of abuse. The notes state, "Mom's former boyfriend touched [S.M.] (and she claims [her sister]) on her private parts—with his hands and penis. She did not tell Mom because she was scared. Mom is not with him anymore. It happened more than once. He just left them this month." The PCR court determined the handwritten notes were not hearsay, as they were likely offered to explain the counselor's subsequent actions and the initiation of the case—not the truth of the matter asserted. *See State v. Elliott*, 806 N.W.2d 660, 667 (Iowa 2011) ("Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." (citation omitted)). Truax does not point out an error in the court's ruling. Instead, he changes tack and argues the handwritten notes should have been excluded because the probative value is substantially outweighed by the danger of unfair prejudice. *See* Iowa R. Evid. 5.403. And, no matter the theory of why the evidence should have been objected to and ultimately excluded, he does nothing to link the admission of the evidence he complains of and the result of his trial. Truax has failed to establish either breach of duty or prejudice; these claims fail.

Next, we consider Truax's claims of ineffective assistance involving trial counsel's "series of mistakes at trial and in preparation for trial." Truax alleges trial counsel violated his duty by not taking the depositions of the complaining

witnesses; failing to challenge the amendment of the trial information from class "D" felonies to class "C" felonies; advising Truax not to testify in his own defense; incorrectly referencing Truax's "plea of guilty"—as opposed to "not guilty"—during closing argument; and failing to file a bill of particulars to clarify the charges against Truax. While Truax's trial counsel did not depose the complaining witnesses, one of Truax's prior counsel did. And Truax does not provide explanation of why a second round of depositions was necessary. As we already indicated, the misstatement in the trial information was a scrivener's error; counsel's failure to challenge or address the error earlier in the proceedings was not prejudicial to Truax. And a bill of particulars, when it was clear with what crimes Truax was charged and under what theory, is not necessary. *See State v. Watkins*, 659 N.W.2d 526, 533 (Iowa 2003) ("A bill of particulars should be allowed when the charge and minutes do not sufficiently inform the defendant of the criminal acts of which she is accused."). Insofar as Truax argues trial counsel "pressured" him not to testify at trial, the PCR court ruled that counsel's advice not to testify was a trial strategy that fell within professional norms, as counsel based his advice on the fact that Truax had prior, impeachable offenses the jury would then learn about and counsel's concern that the prosecutor's reiterating the testimony of the complaining witnesses with Truax on the stand— even with Truax's denials—would be more detrimental than helpful to Truax's defense. On appeal, Truax does not articulate how this ruling is in error; he also does not explain how his decision not to testify resulted in prejudice. Finally, while counsel misspoke when he referenced Truax's "plea of guilty" during closing argument, he immediately corrected the error, stating, "But by my client's

plea of guilty, by him coming in here and pleading—or by my client's plea of not guilty, I better fix that—he is denying the most important parts of these—of these elements of the offense." We cannot say, and Truax has offered no authority to support, that counsel's inadvertent reference to a guilty plea, which counsel then immediately corrected, prejudiced Truax. These claims of ineffective assistance fail.

Finally, we consider Truax's claim that he received ineffective assistance from trial counsel because counsel failed to object to prosecutorial misconduct when the prosecutor, during closing argument, improperly asserted her personal opinion. The prosecutor stated, "I would like you to take all of the information that you heard in this courtroom and take the law that the judge gave you and take your common sense and go into the jury room and talk about it. Talk about the law. Talk about the facts. And find the defendant guilty on both counts; count I and count II of lascivious acts with a child." We agree with the PCR court that the prosecutor's statement did not constitute prosecutorial misconduct. She did not express a personal belief or imply personal knowledge about the defendant's guilt or innocence. *See State v. Vickroy*, 205 N.W.2d 478, 750 (Iowa 1973). It is not improper for a prosecutor to indicate a belief the evidence admitted at trial supports the charged offense. *See State v. Shanahan*, 712 N.W.2d 121, 139 (Iowa 2006) (finding the prosecutor's statement was not misconduct because it was "nothing more than the prosecutor's belief the evidence would support the charge"). Moreover, the statements are not the type to cause the jury to decide the case on emotion rather than a dispassionate review of the evidence. *See State v. Graves*, 668 N.W.2d 860, 875 (Iowa 2003).

Because the prosecutor did not engage in misconduct, we need not consider whether counsel was ineffective for not objecting to the remarks. *See, e.g.*, *Martin v. State*, No. 12-2240, 2014 WL 69542, at *8–9 (Iowa Ct. App. Jan. 9, 2014) (recognizing the applicant's claim of ineffective assistance based on failure to object to prosecutorial misconduct necessarily collapses if the claim of prosecutorial misconduct cannot be proved).

Having considered each of Truax's claims, we agree with the PCR court that no relief is warranted. We affirm.

**AFFIRMED.**