**STATE of Iowa, Appellee,**

v.

**Kenneth HEPPERLE, Appellant.**

No. 93–1382.

Supreme Court of Iowa.

April 26, 1995.

Linda Del Gallo, State Appellate Defender, John F. Fatino and B. John Burns, Asst. Appellate Defenders, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Shawn Wehde, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SNELL, and TERNUS, JJ.

McGIVERIN, Chief Justice.

Defendant Kenneth Hepperle appeals his conviction of assault with intent to commit sexual abuse with no injury resulting, in violation of Iowa Code section 709.11 (1993). Hepperle asserts that the crime of which he was convicted was improperly submitted to the jury as an included offense in the original charge of second-degree sexual abuse. In the alternative, he contends his trial attorney rendered ineffective assistance of counsel by failing to properly object to that submission.

Agreeing with defendant's alternative argument, the court of appeals reversed defendant's conviction of assault with intent to commit sexual abuse and remanded the case with directions to dismiss all charges against him.

Upon further review, we vacate the decision of the court of appeals and affirm the judgment of the district court.

I. *Background facts and proceedings.* The State filed a trial information charging defendant Kenneth Joseph Hepperle with sexual abuse in the second-degree of a child, a class "B" felony. *See* Iowa Code § 709.3(2).

A jury trial was held in July 1993. The daughter of defendant Hepperle's girlfriend testified that when she was eleven years old Hepperle had touched her inappropriately while he was either living at or visiting the daughter's mother's home. The child's testimony focused on two principal incidents. Regarding the first incident, the child testi-

fied that Hepperle sat next to her on a couch, covered both of them with a blanket, unzipped and pulled down the child's clothing, and "poked" his finger into her vagina several times. As to the second incident, the child testified that Hepperle sat next to her on the couch and rubbed her stomach and breasts, asking her if she wanted to "do it," meaning to have sexual intercourse.

In addition to the child's testimony about these two primary incidents, other evidence at trial included the child's and the mother's statements that defendant had tried to bribe them. The child testified that Hepperle had offered to cancel a twenty dollar debt she owed to him and to stay away from her, if she remained silent about these incidents. The child's mother stated that Hepperle told her that he would pay her $1000, in monthly installments of $100, if she would persuade her daughter to change her testimony.

Upon conclusion of all of the evidence, the court and the attorneys for both the defendant and the State discussed the issue of whether to include lesser included offenses in the instructions to the jury.

The State argued that all lesser included offenses should be submitted.

Defendant's trial attorney maintained that no lesser included offenses should be submitted because the defendant had decided to rely on an "all-or-nothing" defense.

The district court agreed with the State and submitted as lesser included offenses assault with intent to commit sexual abuse with no injury resulting, *see* Iowa Code section 709.11, and assault, *see id.* section 708.2(4),[1] to the jury, along with instructions on the charge of second-degree sexual abuse with a person under the age of twelve.

The jury returned a verdict of guilty of one of the submitted lesser offenses—assault with intent to commit sexual abuse with no injury resulting, in violation of Iowa Code section 709.11, an aggravated misdemeanor.

1. Hepperle does not argue on appeal that the trial court erred in submitting assault as a lesser included offense of second-degree sexual abuse. Later discussion in this opinion of a "lesser included offense" therefore only refers to assault with intent to commit sexual abuse with no injury resulting.

The trial court entered judgment and sentenced Hepperle accordingly.

Defendant appealed.

Hepperle contends on appeal that the trial court erred in instructing the jury that assault with intent to commit sexual abuse with no injury resulting, *see* Iowa Code section 709.11, is a lesser included offense of second-degree sexual abuse, *see id.* section 709.3(2). Alternatively, Hepperle claims that his trial attorney was ineffective for failing to raise a proper objection and thereby to preserve error on his current claim that submission of the lesser offense was erroneous.

The State argues that defendant's trial attorney did fail to preserve error on defendant's current claim, but that such failure did not constitute ineffective assistance because defendant did not prove that his trial attorney breached an essential duty or that defendant was prejudiced.

We granted the State's further review application from the court of appeals decision that found ineffective assistance by defendant's trial attorney.

II. *Preservation of error on defendant's claim that submission of the lesser included offense was erroneous.* Defendant first argues that error was preserved on his present claim that assault with intent to commit sexual abuse with no injury resulting, *see* Iowa Code section 709.11, is not a lesser included offense of second-degree sexual abuse with a child, *see id.* section 709.3(2). He then states that the trial court erred in instructing the jury by submitting the crime of intent to commit sexual abuse with no injury resulting as a lesser included offense. Hepperle bases his argument on the fact his attorney objected at trial to the submission of all lesser included offenses. The State asserts that such a general objection is insufficient to preserve error for review. We agree with the State.

A. *Scope of review and general principles.* Our scope of review on objections to instructions is on assigned error. Iowa R.App.P. 4. We may only consider on appeal those objections to instructions previously raised with the trial court. *State v. Aldape,* 307 N.W.2d 32, 38–39 (Iowa 1981) (citing

*State v. Rouse,* 290 N.W.2d 911, 915 (Iowa 1980)).

An objection to the court's instructions must specify the subject of the objection and the grounds of the objection. *Id.* The objection must be sufficiently specific to alert the trial court to the basis for the complaint so that if error does exist the court may correct it before placing the case in the hands of the jury. *State v. LeCompte,* 327 N.W.2d 221, 223 (Iowa 1982) (citations omitted). A general objection preserves nothing for review. *State v. Hubbs,* 268 N.W.2d 188, 189 (Iowa 1978) (citations omitted).

Moreover, if the defendant makes an objection to the trial court's instructions, the defendant is bound by that objection on appeal. *LeCompte,* 327 N.W.2d at 223 (citations omitted). A defendant cannot amplify or change the objection on appeal. *Id.*

B. *Error not preserved.* Upon the conclusion of the evidence at trial, defendant Hepperle's attorney requested that:

> no lesser included offenses be given to the jury, that the—only the charge of sexual abuse in the second-degree and a not guilty be provided to the jury as an alternative.

Subsequently, defendant's trial attorney also stated:

> [Hepperle] has made a determination that he wishes to rely upon an all-or-nothing defense, and we would urge the court to allow him to—to stand on that decision and not submit lesser included offenses in this case.

The trial court overruled the defendant's objection and chose to submit to the jury assault with intent to commit sexual abuse as a lesser included offense, determining that the defendant does not have a veto power over whether included offenses will be submitted, especially if the State desires their submission. *See State v. Greer,* 439 N.W.2d 198, 200 (Iowa 1989).

During the hearing on defendant's postverdict motion in arrest of judgment, defendant's trial attorney repeated the objection:

[D]efendant's motion in arrest of judgment is basically a restatement of our request that the defendant be allowed to rely upon his all-or-nothing defense that was raised at the time of trial, raised in the request for jury instructions and objections to the jury instructions.... We would at this time stand upon the arguments made previously in this regard.

■ Each of defense counsel's objections constituted general objections to the submission of lesser included offenses as a whole because Hepperle maintained an all-or-nothing defense. The objections did not alert the trial court that assault with intent to commit sexual abuse should not be submitted because it is not a proper lesser included offense of second-degree sexual abuse as defendant's appellate lawyer now maintains. *See, e.g., State v. Lampman,* 345 N.W.2d 142, 145 (Iowa 1984); *State v. Tague,* 310 N.W.2d 209, 212–13 (Iowa 1981). Having failed to so alert the trial court, the defendant can not now embellish the grounds for the general objections given at trial nor assert the specific objection for the first time on appeal. *See LeCompte,* 327 N.W.2d at 223 (citations omitted). Defendant's general objections failed to preserve error on his present claim.

III. *Merit of defendant's claim that his trial attorney rendered ineffective assistance.* As an alternative argument, Hepperle asserts his trial attorney's failure to preserve error constitutes a specific instance of ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and article I, section 10 of the Iowa Constitution. The State disagrees, contending that defendant has not satisfied his burden of showing breach of an essential duty and prejudice therefrom to the defendant. Though often preserved for consideration in postconviction proceedings, we believe this claim may be disposed of on direct appeal. *See State v. Poyner,* 306 N.W.2d 716, 719 (Iowa 1981). Because we conclude that defendant's counsel did not breach an essential duty, we find no merit in defendant's ineffective assistance claim.

A. *Scope of review and general principles.* Because defendant has alleged a violation of constitutional rights, we must make an independent evaluation of the totality of the circumstances. *Aldape,* 307 N.W.2d at 42. This is tantamount to a de novo review. *Sims v. State,* 295 N.W.2d 420, 422 (Iowa 1980).

■ The right to assistance of counsel, under the Sixth Amendment to the United States Constitution and article I, section 10 of the Iowa Constitution, guarantees "effective" assistance of counsel. *Powell v. Alabama,* 287 U.S. 45, 71, 53 S.Ct. 55, 65, 77 L.Ed. 158, 171–72 (1932); *State v. Gambell,* 262 N.W.2d 792, 795 (Iowa 1978). Effective assistance of counsel "means conscientious, meaningful representation." *Aldape,* 307 N.W.2d at 41–42 (quoting *Scalf v. Bennett,* 260 Iowa 393, 399, 147 N.W.2d 860, 864 (1967)). The ultimate test for determining whether a defendant has been denied effective assistance of counsel is whether, considering the entire record and all of the circumstances, the attorney's performance was within the range of normal competency. *Taylor v. State,* 352 N.W.2d 683, 685 (Iowa 1984).

■ A presumption exists that counsel is competent and that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland v. Washington,* 466 U.S. 668, 689–90, 104 S.Ct. 2052, 2065–66, 80 L.Ed.2d 674, 693–94 (1984). Defendant must overcome this presumption and has the burden of establishing ineffective assistance. *Taylor,* 352 N.W.2d at 685 (citation omitted). To meet this burden, defendant must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted therefrom. *Id.* at 684–85; *State v. Miles,* 344 N.W.2d 231, 233–34 (Iowa 1984) (citation omitted).

B. *No breach of essential duty.* Hepperle has failed to meet his burden because he has failed to satisfy the first element of an ineffective assistance of counsel claim. Hepperle's counsel did not breach an essential duty by failing to make the specific objection that assault with intent to commit sexual abuse is not a lesser included offense of second-degree sexual abuse of a child under twelve.

The jury trial in the present case was held in July 1993. Not until August 25, 1993 did this court specifically hold in *State v. Constable*, 505 N.W.2d 473, 477 (Iowa 1993), that assault with intent to commit sexual abuse, *see* Iowa Code section 709.11, is not a lesser included offense of second-degree sexual abuse of a child under twelve, *see id.* section 709.3(2). Our other cases decided prior to the jury trial in this case did not make such a specific holding. *See, e.g., State v. Lampman*, 345 N.W.2d 142, 145 (Iowa 1984); *State v. Tague*, 310 N.W.2d 209, 212–13 (Iowa 1981). These cases demonstrate that the *Constable* holding was not so certain that competent counsel must be held to have foreseen it. *See Constable*, 505 N.W.2d at 476–77 (citing *State v. Turecek*, 456 N.W.2d 219 (Iowa 1990) (indicating a possible contrary argument)).

In such circumstances, an attorney does not breach an essential duty by failing to predict the proper ground for the objection to the trial court's proposed jury instructions. *See State v. Ogilvie*, 310 N.W.2d 192, 197 (Iowa 1981) (denying ineffective assistance of counsel claim based on counsel's failure to request instruction on lesser included offense because at the time case was tried the court had not yet decided that such offense was a proper lesser included offense); *cf. Vande Kop v. McGill*, 528 N.W.2d 609, 613 (Iowa 1995) (stating attorney need not foresee future changes in the law in order to avoid malpractice liability). As a result, we do not fault defendant's trial attorney for failing to specifically object that assault with intent to commit sexual abuse is not a lesser included offense of second-degree sexual abuse of a child. Thus, we conclude he did not render ineffective assistance of counsel to defendant Hepperle.

IV. *Validity of defendant's conviction and trial court's judgment thereon.* Although we have concluded that defendant's trial attorney did not properly object to the trial court's submission of assault with intent to commit sexual abuse and that such submission was in fact erroneous in light of the later case of *State v. Constable*, defendant's conviction of assault with intent to commit sexual abuse with no injury resulting and the district court's judgment thereon are valid.

Failure to properly object to an instruction not only waives the right to assert error on appeal, but also allows the instruction, right or wrong, to become the law of the case. *State v. Taggart*, 430 N.W.2d 423, 425 (Iowa 1988) (citations omitted). Thus, the trial court's instruction on assault with intent to commit sexual abuse became the law of this case. *See id.* The district court was vested with authority to render a judgment on defendant's conviction of this lesser offense. *See id.* (citing Iowa R.Crim.P. 6(1), 21(3)).

Moreover, because there was adequate evidence in the record to find defendant guilty of the greater crime of second-degree sexual abuse with a child under twelve, the crime with which he was charged, defendant should not be allowed to complain of the trial court's error. *Cf. State v. Taylor*, 452 N.W.2d 605, 607 (Iowa 1990) (concluding that where evidence did not support an element of the lesser offense of voluntary manslaughter of which defendant was convicted but evidence did support the greater charge of second-degree murder, no reversible error occurred).

V. *Disposition.* Having found no reversible error, we vacate the decision of the court of appeals and affirm the judgment of the trial court.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.**