# IN THE COURT OF APPEALS OF IOWA

No. 16-1575
Filed January 10, 2018

**BRANDY BYRD,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.

_____

Appeal from the Iowa District Court for Linn County, Mary E. Chicchelly,

Judge.

A defendant appeals the denial of an application for postconviction relief.

**AFFIRMED.**

John W. Pilkington of Nidey, Erdahl, Tindal & Fischer, P.L.C., Marengo, for

appellant.

Thomas J. Miller, Attorney General, and Benjamin Parrott, Assistant

Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., McDonald, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**GOODHUE, Senior Judge.**

Brandy Byrd's application for postconviction relief (PCR) was denied by an order entered August 31, 2016. Byrd appeals.

## I. Background Facts and Proceedings

Byrd and her friend, David Keegan, lured a Pizza Hut delivery driver into an apartment on January 6, 2002, where Byrd hit him in the head with a hammer and Keegan slit his throat. The victim died and was robbed in the process. Byrd was charged with first-degree murder and first-degree robbery, and on July 15, 2003, she was convicted of both charges after a jury trial. Byrd was sentenced on September 22, 2003, to a life sentence without the possibility of parole and ordered to pay restitution to the victim's estate in the amount of $250,000. Byrd appealed her conviction, and her conviction was affirmed. *State v. Byrd*, No. 03-1578, 2004 WL 2387048, at *4 (Iowa Ct. App. Oct. 27, 2004). Procedendo was issued on February 4, 2005.

Byrd filed a PRC application on November 12, 2008. Although the legality of the felony-murder instruction used in her trial was raised as a claim in the direct appeal, between her trial and her first PCR action, the use of willful injury as a predicate offense to felony murder had been determined to be reversible error under many, if not most, circumstances. *See State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006). Under the ineffective-assistance-of-counsel rubric, and because of *Heemstra*, Byrd raised the use of the felony-murder rule again in the PCR. Her claims were denied by the district court, and she appealed.

This court considered the appropriateness of the felony-murder rule as applied to Byrd's claim and again denied relief, noting that *Heemstra* only applied

to willful injury as a predicate offense and not to robbery and, in any event, *Heemstra* was not to be applied retroactively. *Byrd v. State*, No. 08-1930, 2012 WL 836391, at *1 (Iowa Ct. App. Mar. 14, 2012). In addition, in her appeal of the previous PCR, Byrd challenged trial counsel's failure to object to the court's imposition of a $250,000 restitution amount instead of the statutory minimum of $150,000. *Id.* No record had been made explaining how the court arrived at the amount set. *Id.* Because of the lack of any record, this court preserved the matter for a possible future proceeding. *Id.* Otherwise, Byrd's claims were denied. *Id* at *2.

Although Keegan was only seventeen and one-half at the time of the murder, Byrd was twenty. Keegan was also convicted of first-degree murder and robbery, and initially, both Keegan and Byrd were sentenced to life in prison without the possibility of parole. Keegan was resentenced to life but became eligible for parole because he was a juvenile at the time of the murder. *See State v. Lyle*, 854 N.W.2d 378, 402 (Iowa 2014) (noting mandatory life without parole had been determined to violate the cruel and unusual punishment prohibition of both the Iowa and United States Constitutions when applied to minors). Because she was not a juvenile, Byrd was not resentenced, and her sentence remained life without parole.

Byrd correctly asserts the jury could have found her guilty as an aider and abettor rather than as principal. She then contends an aider and abettor cannot receive greater punishment than a principal. She claims the jury should have received a limiting instruction requiring it to find her guilty as a principal to justify the sentence imposed. Byrd has again raised the amount of restitution as an issue.

## II. Error Preservation

The State contends that Byrd's claims in her current application for postconviction relief, which was filed on October 15, 2012, are statutorily barred. An application for postconviction relief is to "be filed within three years from the date of conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2011). Byrd contends the restitution issue was deferred in her previous PCR action to a "future proceeding." Whether a PCR court can reserve an issue for a subsequent PCR is problematic since there is no apparent authority for it. *See* Iowa Code § 814.7. It would also leave open the determination of the start date for the three-year statute of limitations set out above. We will assume without so holding that an issue can be reserved in a PCR proceeding for a subsequent proceeding.

As to the other issues raised, Byrd claims she received illegal sentences. An illegal sentence can be raised at any time. *See* Iowa R. Crim. P. 2.24(5)(a); *State v. Parker*, 747 N.W.2d 196, 203 (Iowa 2008). "An illegal sentence is void which permits an appellate court to correct on appeal without the necessity for the defendant to preserve error or by making a proper objection in the district court." *Parker*, 747 N.W.2d at 212. Therefore, Byrd contends the three-year statute of limitation is not applicable as to her remaining claims because she is contending she received illegal sentences.

## III. Standard of Review

Ordinarily district court rulings addressing the PCR statute of limitations are reviewed for errors of law. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003).

To the extent Byrd has raised constitutional issues, the review is de novo if constitutional issues exist. *See State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009).

## IV. Restitution Amount

Byrd maintains that counsel was ineffective in failing to request the sentencing court to explain why the statutory minimum of $150,000 was not imposed instead of the $250,000. *See* Iowa Code § 910.3B. There is a statutory minimum in assessing restitution in the event a death results from a felonious criminal act, but no maximum has been set and there is no statutory requirement that restitution be set at the minimum amount. *Id.*

A restitution order is not excessive if it bears a reasonable relationship to the damage caused by the offender's criminal act. *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001). When the criminal act results in the death of the victim, the seriousness of the crime is unmatched in the broad spectrum of crimes. *State v. Izzolena*, 609 N.W.2d 541, 550 (Iowa 2000). By all accounts, this was a senseless, gruesome, unprovoked murder of an unarmed, unsuspecting, and totally innocent victim when providing a service to the perpetrators. We cannot find the restitution order does not have a reasonable relationship to the crime committed.

## V. Claims of an Illegal Sentence

A challenge of an illegal sentence does not permit a challenge to a sentence that is illegally imposed because of a procedural error. *Tindal v. State*, 629 N.W.2d 357, 359 (Iowa 2001). A claim of an illegal sentence does not permit a re-

examination of the error occurring during the trial proceeding prior to the imposition of the sentence. *Bruegger*, 773 N.W.2d at 871-72. Failure to properly object to an instruction, right or wrong, allows it to be the law of the case. *See State v. Hepperle*, 530 N.W.2d 735, 740 (Iowa 1995).

To the extent Byrd attacks the court's instructions as to the aiding-and-abetting instruction or the failure to give a limiting instruction, they are attacks on procedural errors and not on the legality of the sentence. They do not raise a constitutional issue and are barred by the three-year statute of limitations.

## VI. Claim that an Aider and Abettor Cannot Receive a Sentence Greater than the Principal

Byrd also attacks the instructions based on her assertion that an aider and abettor cannot receive punishment in excess of the principal. Byrd's only support for her assertion is based on a Maryland case that has since been overruled. *See State v. Ward*, 369 A.2d 1041, 1051-52 (Md. 1978), *overruled by Lewis v. State*, 404 A.2d 1073 (Md. 1979) ("Henceforth, as long as the evidence in the accessory's trial is sufficient to demonstrate that a felony has been committed, the fact that the principal has not been convicted will furnish no defense to the accessory."). Furthermore, the Iowa law is clearly to the contrary. Evidence of a plea or conviction of an accomplice is not even admissible to prove guilt of the accused or the lack thereof. *State v. Johnson*, 534 N.W.2d 118, 126 (Iowa 1995). Iowa statutorily provides those who aid and abet the commission of a public offense "shall be charged, tried and punished as principals." Iowa Code § 703.1.

Keegan was resentenced because he was a juvenile when the offense was committed and sentencing a juvenile to life in prison without the possibility of parole

violates the constitutional prohibitions against cruel and unusual punishment. *See Lyle,* 854 N.W.2d at 402. The prohibition has no application to adult offenders. *Id.* at 403. It is apparent that adults and juveniles involved in the same crime may receive disparate sentences. The order of the district court granting the motion to dismiss is affirmed.

**AFFIRMED.**

Vaitheswaran, P.J., concurs; McDonald, J., concurs specially.

**MCDONALD, Judge** (concurring specially)

I concur in the judgment. However, I would conclude the specific claims asserted here are barred by Iowa Code sections 822.3 and 822.8 (2011).