## IN THE COURT OF APPEALS OF IOWA

No. 18-1583
Filed February 5, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JEREMY LEE HILL,**
    Defendant-Appellant.

_____


Appeal from the Iowa District Court for Warren County, Thomas P. Murphy, Judge.


Jeremy Hill appeals his conviction of theft in the second degree.
**AFFIRMED.**


Nathan A. Olson of Branstad & Olson Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Richard Bennett, Assistant Attorney General, for appellee.


Heard by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

Jeremy Hill appeals his conviction of theft in the second degree. Hill argues the district court erred and violated his constitutional rights in providing an aiding-and-abetting jury instruction, insufficient evidence was provided to support the conviction, and he received ineffective assistance of counsel at trial.

## I.    Background Facts and Proceedings

Hill was the manager of a convenience store in the summer of 2017. While working second shift on September 10, Hill reported a theft to the Warren County Sheriff's Department. Hill reported that bank deposits for two days were taken after Hill placed them in his personal vehicle. Hill provided a statement that he placed the deposits in his vehicle, went back into the store to retrieve his cell phone, and, upon returning to his vehicle some time later, discovered the door was open and the deposits were missing. Hill also said he moved his vehicle from designated employee parking to a location visible from the cash register of the convenience store prior to placing the deposits in the vehicle. Hill was working with another employee at the time of the incident. Hill and his co-worker were both questioned by law enforcement. The co-worker has since left the state and could not be found to provide testimony at trial. It was later discovered that four days' worth of deposits, not two as originally reported, were taken. The total amount taken was just over $9500 in cash and checks. In October, Hill was charged with theft in the second degree and conspiracy to commit a non-forcible felony in relation to the September 10 incident.

Hill entered a plea of not guilty and the case proceeded to trial in July 2018. Surveillance footage from the convenience store showed a person wearing a hood

walk by the front of the convenience store immediately before Hill removed the deposits from the safe and placed them in his vehicle. Hill testified he walked around the back of the building to perform his duties, including inspecting the area for waste and checking trash cans. Hill stated he did not encounter anyone when walking behind the building. The State argued Hill would have seen the hooded individual behind the building, as both people were behind the building at the same time. The State also argued Hill's repeated use of his cell phone prior to the incident and behavior after seeing the hooded individual indicated he was in communication with a co-conspirator. Testimony showed Hill told the investigating officer he did not know the hooded individual, and that the individual's face was covered when passing by the store.

Hill moved for judgment of acquittal at the close of the State's case-in-chief, arguing the State failed to prove the specific intent element required for conviction. The motion was denied. Hill renewed his motion prior to closing arguments, relying on the same argument. The motion was again denied. Hill also objected to entry of jury instruction sixteen, an aiding-and-abetting instruction, arguing no evidence was presented to suggest a common scheme existed. The court found "sufficient circumstantial evidence for [instruction sixteen] to be a jury question in this case" and submitted the instruction to the jury for deliberation.

Hill was convicted of theft in the second degree. Prior to sentencing, Hill moved for a new trial arguing instruction sixteen was improper, insufficient evidence supported the conviction of theft in the second degree, and neither theory presented by the State supported the conviction. All three motions were overruled. Hill appeals.

**II. Analysis**

Hill argues instruction sixteen was both an improper statement of the law on aiding and abetting and that it violated his constitutional rights. Hill also argues insufficient evidence was presented to support his conviction and he received ineffective assistance of counsel. The State challenges error preservation on both arguments related to instruction sixteen. The State also argues sufficient evidence was presented to support either theory of guilt and Hill's trial counsel was effective.[1]

 A. Instruction Sixteen Error Preservation

The State argues Hill did not preserve error on any arguments raised on appeal related to instruction sixteen. Specifically, the State argues the theory of the objection at trial, that no evidence supported issuing the instruction to the jury, does not preserve the argument raised on appeal, that the instruction misstated the law.

Appellate courts "consider only those objections to instructions a party previously raised with the district court." *State v. Maghee*, 573 N.W.2d 1, 8 (Iowa 1997) (citing *State v. Hepperle*, 530 N.W.2d 735, 738 (Iowa 1995)). "A party's objection must be sufficiently specific to alert the district court to the basis for the complaint," and "a party is bound by the objection the party makes to the district

---

[1] In its brief, the State argues this court should not consider Hill's ineffective-assistance claim on direct appeal. The brief was filed before our supreme court issued a ruling on the retroactivity of newly enacted legislation limiting this court's ability to hear ineffective-assistance claims on direct appeal. *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (2019)). Since that time, our supreme court has held the legislation does "not apply to a direct appeal from a judgment and sentence entered before July 1, 2019." *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019). Thus, we may consider the merits of the claim.

court's instructions and may not amplify or change the objection on appeal." *Id.* (citing *Hepperle*, 530 N.W.2d at 738).

Hill alleges error was preserved by objection on the record during trial, filing post-trial motions, and filing a timely notice of appeal. At trial, Hill's objection to the instruction was general, insisting no evidence was provided to suggest Hill was involved in a common scheme, let alone that one existed at all. In his post-trial motion for new trial and in arrest of judgment Hill lodged the same complaint. At no time did Hill argue to the district court that there was any problem with the language contained in instruction sixteen. Hill finally argues error was preserved by his notice of appeal.

We agree that Hill objected at trial and through post-trial motion, and the district court ruled on both, preserving error on the argument the instruction should not have been given at all. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). However, no objection based on a misstatement of the requisite level of intent was ever raised. Because the precise jury-instruction issue was not raised, the district court could not rule and neither can we.[2] *See id.* Error was not preserved on arguments related to jury instruction sixteen.

B.      Sufficiency of the Evidence

Challenges to sufficiency of the evidence are reviewed for corrections of errors at law. *State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009). We must

---

[2] This court has previously found the argument that notice of appeal is sufficient to preserve error is without merit. *See, e.g.*, *Friedrich v. State*, No. 10-1250, 2011 WL 2112783, at *2 (Iowa Ct. App. May 25, 2011) (citing Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, Drake L. Rev. 39, 48 (Fall 2006)).

"determine whether a rational trier of fact could have found the defendant guilty of the offense charged beyond a reasonable doubt." *State v. Millsap*, 704 N.W.2d 426, 430 (Iowa 2005) (quoting *State v. Anspach*, 627 N.W.2d 227, 231 (Iowa 2001)). Evidence is viewed in the light most favorable to the State. *Canal*, 773 N.W.2d at 530.

Instruction twelve was the marshalling instruction and informed the jury of all the elements of theft that must be proven in this case:

> The State must prove all of the following elements of Theft:
> (1) On or about September 10, 2017, Jeremy Lee Hill took possession or control of money,
> (2) Jeremy Lee Hill did so with the specific intent to deprive the owner of the money,
> (3) The money, at the time of the taking, belonged to [the convenience store].
> If the State has proved all of the elements, Jeremy Lee Hill is guilty. You must then determine the degree of Theft, as explained in instruction No. 13. If the State has failed to prove any element, Jeremy Lee Hill is not guilty.

Instruction fourteen defined specific intent:

> Concerning Element No. 2 of Instruction No. 12, "specific intent" means not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind.
> Because determining Jeremy Lee Hill's specific intent requires you to decide what he was thinking when an act was done, it is seldom capable of direct proof. Therefore, you should consider the facts and circumstances surrounding the act to determine Jeremy Lee Hill's specific intent. You may, but are not required to, conclude a person intends the natural results of his acts.

Instruction sixteen, the subject of Hill's objection, instructed the jury on the aiding-and-abetting theory.

> All persons involved in the commission of a crime, whether they directly commit the crime or knowingly "aid and abet" its commission, shall be treated in the same way.
> "Aid and abet" means to knowingly approve and agree to the commission of a crime, either by active participation in it or by

knowingly advising or encouraging the act in some way before or when it is committed. Conduct following the crime may be considered only as it may tend to prove [Hill's] earlier participation. Mere nearness to, or presence at, the scene of the crime, without more evidence, is not "aiding and abetting." Likewise, mere knowledge of the crime is not enough to prove "aiding and abetting."

The guilt of a person who knowingly aids and abets the commission of a crime must be determined only on the facts which show the part he has in it, and does not depend upon the degree of another person's guilt[.]

If you find the State has proved Jeremy Lee Hill directly committed the crime, or knowingly "aided and abetted" other person(s) in the commission of the crime, then Jeremy Lee Hill is guilty of the crime charged.

We must consider, based on the instructions given, whether a rational jury could find Hill deprived the convenience store of money that lawfully belonged to the store. During closing arguments, Hill's counsel admitted "Hill took the money" and "[i]t was [the convenience store]'s money." But counsel argued Hill had no specific intent to steal the money. According to the instructions, jurors were allowed to consider whether Hill acted alone or in concert with another. The jury heard testimony that Hill moved his vehicle to a location that was not in view of security cameras but was in his personal line of sight. Testimony showed Hill was not accustomed to locking his vehicle but was aware of the risk of theft and was also aware he was not in compliance with the store's policy regarding daily deposits. Hill initially told law enforcement he left the deposits in his vehicle to retrieve his cell phone from inside the store, but video and testimonial evidence revealed he had the phone on his person throughout the time in question. The jury was also able to view Hill's physical reaction to seeing the hooded individual walk past the store and his immediate act to retrieve the deposits. Surveillance footage shows Hill saw the hooded individual, stood upright, paced, leaned on the counter,

paced again, and then reached for the deposits mere seconds later. Footage of the front of the store shows the hooded individual loitered at the front of the store and Hill turned his head to look in that direction as he passed out of one camera's view while delivering the deposits to his vehicle. Based on the evidence presented at trial, a rational jury could have found Hill guilty of theft in the second degree, either directly or by the aiding-and-abetting theory.

### C. Ineffective Assistance of Counsel

Hill argues his trial counsel was ineffective in failing to object to the language contained in jury instruction sixteen. Hill argues the instruction should have contained an additional paragraph informing the jury of the appropriate level of intent required for conviction pursuant to an aiding-and-abetting theory. The State argues this court should not consider the ineffective-assistance claim, and urges us to preserve the claim for postconviction-relief proceedings.

Claims of ineffective assistance of counsel are reviewed de novo. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). Ineffective-assistance claims are ordinarily preserved for postconviction-relief proceedings but may be addressed on direct appeal if the record is adequate. *Id.* In order to succeed on an ineffective-assistance claim, the claimant must prove "(1) counsel failed to perform an essential duty; and (2) prejudice resulted." *Id.* at 495 (quoting *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008)). Both prongs of the test must be satisfied. *Id.*

In prior cases, this court has found a breach of duty when trial counsel failed to object to incomplete jury instructions similarly omitting the specific-intent language. *Daniels v. State*, No. 18-0672, 2019 WL 6894225, at *5 (Iowa Ct. App. Dec. 19, 2019); *State v. Vinsick*, No. 17-1344, 2018 WL 3472043, at *5–6 (Iowa

Ct. App. July 18, 2019); *State v. Burton*, No. 12-2223, 2013 WL 5760635, at *5 (Iowa Ct. App. Oct. 23, 2013). The specific-intent paragraph states:

> The crime charged requires a specific intent. Therefore, before you can find the defendant "aided and abetted" the commission of the crime, the State must prove the defendant either has such specific intent or "aided and abetted" with the knowledge that others who directly committed the crime had such specific intent. If the defendant did not have the specific intent, or knowledge the other had such specific intent, [the defendant] is not guilty.

The facts of this case follow a similar line. A general specific intent instruction was given individually. But, the paragraph defining specific intent pursuant to the aiding-and-abetting theory was omitted in paragraph sixteen. Trial counsel did not object to the instruction for the failure to include the specific-intent paragraph. As our court found in the cases listed above, we believe the failure in this case constitutes a breach of duty.

Turning to the prejudice prong of the test, we must ask "whether a reasonable probability exists that the result of the trial would have been any different without ineffective assistance of counsel." *Ledezma v. State*, 626 N.W.2d 134, 148 (Iowa 2001). "Jury instructions are not considered separately; they should be considered as a whole." *State v. Fintel*, 689 N.W.2d 95, 104 (Iowa 2004). Hill argues our analysis in *State v. Burton* should apply to the case at bar. *See* 2013 WL 5760635, at *4–5. In *Burton*, the defendant was prosecuted only on a theory of aiding-and-abetting willful injury causing bodily injury and was found guilty. *Id.* at *1. The aiding-and-abetting instruction lacked the specific-intent language. *Id.* In *Burton*, it appears there was no separate jury instruction defining or explaining specific intent as an element. *Id.* at *5. That error was compounded by the missing specific-intent paragraph in the aiding-and-abetting instruction. *Id.*

Thus, "the jury could convict Burton of willful injury without finding either that she personally possessed the specific intent to cause serious injury when she aided and abetted her co-defendants in the attack or that she had knowledge her co-defendants had specific intent to cause serious injury." *Id.* The present case differs from *Burton* in that Hill was prosecuted both as a principal and as an aider and abettor, and instruction fourteen defined the requisite level of intent, specific intent, required for the theft conviction as a principal.

Our supreme court's opinion in *State v. Kuhse* is instructive. *See* ___ N.W.2d ___, ___, 2020 WL 250542, at *1 (Iowa 2020). *Kuhse* discusses cases involving claims of ineffective assistance of counsel related to allegedly erroneous jury instructions. *Id.* at *5–6. Following the *Kuhse* analysis, we must "examine the record and consider the evidence presented, how the case was tried, and what the jury instructions as a whole said" in order to determine whether prejudice resulted. *Id.* at *6. In *Kuhse*, our supreme court noted that both prosecution and defense counsel made justification, the omitted instruction language, a primary portion of closing arguments. *Id.* The court stated, "[t]his helped confirm for the jury that justification was an essential part of its deliberations and that the State had to prove 'the Defendant was not acting with justification.'" *Id.* The court also discussed the "strong evidence that Kuhse did not act with justification" including photos of injuries to both Kuhse and the target of the domestic abuse. *Id.* Finally, the court discussed testimony and physical evidence presented. *Id.* at *7. Ultimately, the court found there was no "reasonable probability of a different outcome if the marshalling instruction . . . had included or cross-referenced lack of justification." *Id.*

In the case at bar, the jury was instructed on specific intent by instruction fourteen and was aware specific intent was required for conviction. The evidence showed Hill exited the convenience store with the money and no money was ever recovered. The surveillance video shown at trial proves Hill's story about reentering the store to retrieve his cell phone was a fabrication; Hill was in possession of his cell phone during the relevant period of time. The evidence presented on the timing of the hooded individual's appearance, Hill's immediate reaction, the routes both people took around the building, and Hill's cell phone use would lead a reasonable juror to find Hill either intended to deprive the convenience store of the deposits or acted in concert with another person who he knew had that intent. Even if the jury received instruction sixteen with the requisite language on specific intent it is unlikely a reasonable jury could come to the conclusion Hill did not possess specific intent. Our confidence in the outcome of the trial is not undermined. *See State v. Graves*, 668 N.W.2d 860, 882–83 (Iowa 2003). Thus, no prejudice has resulted and Hill's ineffective-assistance claim fails. *Clay*, 824 N.W.2d at 495.

### III. Conclusion

Sufficient evidence was presented at trial to support Hill's conviction of theft in the second degree. It was a breach of trial counsel's duty to fail to object when the specific-intent language was omitted from instruction sixteen on aiding and abetting. However, when considering the jury instructions provided as a whole and the evidence presented at trial there is no reasonable probability a different outcome would have resulted if the jury received the aiding-and-abetting

instruction with the specific-intent language included.  Hill suffered no prejudice.

Thus, we affirm Hill's conviction.

**AFFIRMED.**