# IN THE COURT OF APPEALS OF IOWA

No. 21-1855
Filed January 25, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DYLAN JOSEPH FOUTS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Monona County, Roger L. Sailer,

Judge.


        Dylan Fouts appeals, contending the district court erred in giving the

permissive inference instruction to support the specific intent element of attempted

murder.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Tyler J. Buller (until withdrawal) and

Louis Sloven, Assistant Attorneys General, for appellee.


        Considered by Vaitheswaran, P.J., Ahlers, J., and Carr, S.J.*  Buller, J.,

takes no part.

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**VAITHESWARAN, Presiding Judge.**

Dylan Fouts fired shots at his uncle James following his uncle's decision to take Dylan's father off life support. The State charged Fouts with several crimes, including attempted murder. The district court instructed the jury the State would have to prove the following elements of attempted murder.

> 1. On or about the 24th day of April, 2021, the defendant shot a firearm at [James].
>
> 2. By his acts, the defendant expected to set in motion a force or chain of events which would cause or result in the death of [James].
> 3. When the defendant acted, he specifically intended to cause the death of [James].

At the State's behest, the district court also agreed to give what the State refers to as a "permissive inference instruction" arising from Fouts' use of a gun. The instruction stated: "If a person has the opportunity to deliberate and uses a dangerous weapon against another in a deadly manner, you may, but are not required to, infer that the person used the weapon with specific intent to kill." A jury found Fouts guilty as charged.

On appeal, Fouts contends the district court erred in giving the permissive inference instruction to support the specific intent element of attempted murder. The State responds that Fouts failed to preserve error. We will begin there.

"The rules governing jury instructions in civil cases apply to trials in criminal cases." *State v Bynum*, 937 N.W.2d 319, 327 (Iowa 2020). Under the civil rules, an objection to a jury instruction must identify "the matter objected to" and the "grounds" for the objection. Iowa R. Civ. P. 1.924. "The objection must be sufficiently specific to alert the district court to the basis for the complaint so, if error

does exist, the court may correct it before placing the case in the hands of the jury." *Riniker v. Wilson*, 623 N.W.2d 220, 228 (Iowa Ct. App. 2000).

The State concedes Fouts objected to the permissive inference instruction but argues Fouts' appellate argument impermissibly "amplif[ies]" the objection. *See Boham v. City of Sioux City*, 567 N.W.2d 431, 438 (Iowa 1997); *State v. Hepperle*, 530 N.W.2d 735, 738 (Iowa 1995). We disagree. After the State proposed the instruction, Fouts' attorney stated, "I would object to its inclusion. I would not prefer to have it included at all." The district court overruled the objection and added the instruction. On appeal, Fouts argues it "was error" to "provide[]" the jury "with the instruction sought by the State." This is the identical argument raised and decided in the district court. Error was preserved, and we proceed to the merits, reviewing the instruction for errors of law. *See State v. Mathis*, 971 N.W.2d 514, 519 (Iowa 2022).

Fouts "does not dispute" the ability to draw reasonable inferences from the use of a dangerous weapon. Indeed, he acknowledges that a model jury instruction allows the jury to infer "malice, premeditation and specific intent to kill" from the use of a dangerous weapon. In his view, though, the instruction is limited to cases "in which the victim actually died." He points out that James "did not die—he was not even injured—and therefore the idea that one could presume an intent to kill from use of a dangerous weapon in a deadly manner had no application."

Fouts' argument has some appeal. He is correct that appellate opinions cited by the State in support of using the "dangerous-weapon inference to find 'intent to kill'" rely on precedent addressing malice aforethought rather than specific intent or on precedent involving specific intent to commit murder rather than

attempted murder. *See State v. Green*, 896 N.W.2d 770, 780 (Iowa 2017) (addressing malice aforethought and finding sufficient evidence from which the jury could infer malice); *State v. Wilkens*, 346 N.W.2d 16, 20 (Iowa 1984) ("When a person intentionally uses a deadly weapon in killing a victim, the jury may infer that he had formed the specific intent to kill."); *State v. Spencer*, No. 17-1633, 2018 WL 6131916, at *7 (Iowa Ct. App. Nov. 21, 2018) (in an appeal of an attempted murder conviction, citing *Green*, 896 N.W.2d at 780–81, for the proposition that "[w]hen a firearm is aimed at a person and discharged, a jury can infer the shooter's intent was to kill"); *In re I.M.*, No. 17-1027, 2018 WL 2084838, at *2 (Iowa Ct. App. May 2, 2018) (in an appeal of an attempted murder conviction, citing *Wilkens*, 346 N.W.2d at 20, for the proposition that intent could be inferred from the defendant's firing of three shots); *Ross v. State*, No. 16-1058, 2017 WL 4049366, at *2 (Iowa Ct. App. Sept. 13, 2017) (noting "[t]he crime of attempt to commit murder does not require malice or premeditation" and, based on *Green*, 896 N.W.2d at 780, rejecting the defendant's assertion that mere use of a dangerous weapon was insufficient to permit an inference of malice or intent); *State v. Brown*, No. 02-0086, 2003 WL 1967828, at *5 (Iowa Ct. App. Apr. 30, 2003) (citing *Wilkens*, 346 N.W.2d at 20, for the proposition that the defendant and another person's possession of weapons supported an "inference that one or both of them had the specific intent to seriously injure and kill"); *State v. Clark*, No. 00-1317, 2002 WL 576112, at *5 (Iowa Ct. App. Feb. 20, 2002) (in an appeal of an attempted murder conviction, citing *Wilkens*, 346 N.W.2d at 20, for the proposition that substantial evidence supported a finding the defendant formed the specific intent to kill); *see also State v. Price*, 365 N.W.2d 632, 635 (Iowa Ct. App. 1985) (affirming attempted murder

conviction following a bench trial after noting, "the inference of deliberation, premeditation, and intent to kill, may be inferred from the use of a weapon").[1]

That said, the supreme court has not taken exception to these opinions. And its statements support the court's application of the permissive inference to establish specific intent in non-death crimes. *See, e.g.*, *Green,* 896 N.W.2d at 780 ("The inference, which the jury is permitted but never required to make, exists because a rational juror could infer that one who uses a dangerous weapon intends to cause physical harm, and even to kill." (internal citations omitted)); *State v. Mart*, 20 N.W.2d 63, 66 (Iowa 1945) (in a conviction for assault with intent to commit murder, stating "[w]e have held repeatedly that an intent to kill may be inferred from the use of a deadly weapon in a deadly manner. Such intent may be thus inferred though the wound inflicted does not prove fatal." (internal citations omitted)); *State v. Sullivan*, 298 N.W. 884, 886 (Iowa 1941) ("If the victim is fatally wounded, the law presumes malice and the intent to kill."). In light of this authority, we conclude the district court did not err in giving the permissive inference instruction.

Our opinion could end here. Nonetheless, we will assume there was error in giving the permissive inference instruction and will address the question of whether Fouts was prejudiced by the error. *See State v. Kraai*, 969 N.W.2d 487, 496–97 (Iowa 2022) (stating "we presume prejudice and reverse unless the record

---

[1] The court has also cited the permissive inference in connection with other crimes not involving death. *See, e.g.*, *State v. Bibby*, 21-0565, 2022 WL 3068909, at *2 (Iowa Ct. App. Aug. 3, 2022) (noting defense concession "that Iowa cases have affirmed a jury's finding of intent to kill based on the cases finding use of a firearm," but addressing other record evidence); *State v. Barber*, No. 18-0038, 2019 WL 761631, at *8 (Iowa Ct. App. Feb. 20, 2019) (affirming finding of guilt for assault with intent to inflict serious injury after determining the use of a gun supported "an inference that [the defendant] had the specific intent to seriously injure" a person).

affirmatively establishes there was no prejudice" and "[t]he presumption of prejudice is overcome when the jury received strong evidence of a defendant's guilt" (internal quotations and citations omitted)).

James testified that he and his girlfriend were cleaning up his deceased brother's property when Fouts drove to the property, stepped out of his vehicle, and said "I'm going to kill you, Jimmy." Fouts proceeded to "fire his weapon" at them. James responded with seven shots. He said he was "carrying a gun" because "for the previous several months [he] had received communications from [Fouts] threatening to kill [him]." James was also aware that the sheriff's department "had information from [Fouts'] social accounts and from other sources that depicted that he wanted to kill" him.

The State admitted photos of text messages between Fouts and his half-brother in which Fouts stated he was "going to get" James at his father's house. He also said, "time for his last breath then I will fe[e]l free" and "I will make him pay I will and must."

We conclude the evidence of Fouts' guilt was strong. Accordingly, any error in giving the permissive inference instruction was nonprejudicial.

We affirm Fouts' judgment and sentence.

**AFFIRMED.**