# IN THE COURT OF APPEALS OF IOWA

No. 24-0837
Filed October 1, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JESSE TYRONE DAVIS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Joel Dalrymple,

Judge.


        A criminal defendant appeals his conviction and sentence following a jury

trial. **AFFIRMED.**



        Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant

Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


        Considered without oral argument by Schumacher, P.J., and Buller and

Sandy, JJ.

**BULLER, Judge.**

Jesse Davis was involved in a brawl at a motorcycle club. As a result, he was found guilty of assault causing serious injury following trial by jury. He challenges the sufficiency of the evidence supporting his conviction, the admissibility of an in-court identification, and his sentence. We affirm.

## I.     Background Facts and Proceedings

Tashieyana O'Neal and friends arrived at a Waterloo motorcycle club in the early morning, as the club was beginning to close. A dispute was brewing outside the club between two women. And a crowd began to gather, including Davis.

As the crowd grew, the dispute escalated. People tried to break up the fight but became involved themselves. Collateral disputes arose. Heated words were exchanged. And a group of people, including O'Neal, were knocked to the ground. O'Neal escaped this first tussle with little or no injury.

When she got to her feet, O'Neal saw a man hitting her cousin. O'Neal started yelling and, seconds later, Davis swung his arm and hit O'Neal in the face. She fell to the ground, dazed. Davis kicked her at least once. And she was confident no one else hit her after Davis did. When she made it to her car, O'Neal saw in her visor mirror that her top row of teeth had all been knocked out and the bottom row were all broken.

Davis described the first altercation as "two sets of females brawling." He said O'Neal was "trying to brawl with" a subset of the women and that soon men jumped into the fray. Davis said he joined the brawl when someone tried to strike him, and he intervened to protect his fiancée. From there, he said people were striking him, and he was striking back. Davis admitted to striking O'Neal in the

"side of her head" with his gun-shaped phone case—but he disputed whether he hit her in the mouth. He also claimed he kicked someone next to O'Neal, rather than O'Neal. In response to direct- and cross-examination questions, Davis variously described the events of the night as a "brawl," "fight," and "melee."

The jury—who was able to watch a video of the altercation—found Davis guilty of assault causing serious injury, a class "D" felony in violation of Iowa Code sections 708.1 and 708.2(4) (2022), enhanced as a habitual offender pursuant to section 902.8. The district court sentenced Davis to fifteen years in prison with a three-year mandatory minimum. He appeals.

## II. Discussion

Davis raises three claims on appeal: the sufficiency of the evidence, the admissibility of an in-court identification, and the reasons given for sentence. We consider each argument under the applicable standard of review.

### A. Sufficiency of the Evidence

We first consider Davis's claim about sufficiency of the evidence, as success on that claim would bar retrial. His specific contention is that there was insufficient proof *his* acts caused O'Neal's injuries.

We review for correction of errors at law. *State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). "In determining whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (citation omitted). "It is not our place to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh

the evidence; such matters are for the jury.  It is also for the jury to decide which evidence to accept or reject." *State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022) (cleaned up).

As a threshold matter, we observe that O'Neal's testimony standing alone was sufficient to support conviction: she testified that she saw Davis swing his arm and hit her in the face, and that Davis's strike is what knocked out her teeth. O'Neal's uncorroborated testimony was legally sufficient for a guilty verdict.  *E.g.*, *State v. Hernandez*, 20 N.W.3d 502, 507 (Iowa Ct. App. 2025); Iowa R. Crim. P. 2.21(3).  But there was also additional evidence beyond O'Neal's testimony. Surveillance footage showed a man in a red shirt striking O'Neal in the face, and it's undisputed the man in the red shirt was Davis.  Last, Davis admitted to hitting O'Neal on the head, despite denying that he was the source of the injuries.

As his final argument on this point, Davis points to *State v. Smith*, 508 N.W.2d 101, 103–04 (Iowa Ct. App. 1993), in a bid to invalidate the victim's testimony.  We doubt *Smith* is good law.  *See State v. Showers*, No. 23-0390, 2024 WL 2317709, at *4–5 & n.4 (Iowa Ct. App. May 22, 2024) (summarizing criticism of *Smith* from our court, the supreme court, and commentators).  To the extent *Smith* is a viable precedent, we—like every other Iowa court to consider the issue—decline to apply the holding and substitute our judgment for that of the jury. The verdict was supported by substantial evidence.

### B.  In-Court Identification

Davis next challenges O'Neal's in-court identification of him, urging her in-court identification was tainted by pretrial identification procedures.  He grounds his argument in the due process clauses of the state and federal constitutions.

U.S. Const. amend. XIV, § 1; Iowa Const. art. 1, § 9.  But he never advanced this argument below; instead, counsel described the objection as "essentially hearsay."

When a criminal defendant objects below, "the defendant is bound by that objection on appeal.  A defendant cannot amplify or change the objection on appeal."  *State v. Hepperle*, 530 N.W.2d 735, 738 (Iowa 1995) (citation omitted).  We conclude Davis's due-process objection was not made below.  And as a court for correction of errors at law, we cannot hear it for the first time on appeal.  *See* Iowa Code § 602.5103(1); *State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court.").

## C.  Sentencing

Davis last claims the sentencing court attributed other offenders' conduct to him when sentencing him to prison.  This is the explanation offered by the district court, with emphasis added to the portions Davis finds objectionable:

> The court's considered the mitigating circumstances with regard to the passage of time from your more serious prior criminal history to date, but you do have run-ins with the law even recently, albeit not felony in nature.
> The court also is cognizant of the fact that by way of mitigating circumstances counsel continued to use the term "brawl" to the jury. I wouldn't necessarily describe this as a brawl *until the club members, you included, turned it into a brawl*.
> There were ladies there.  There were ladies there that were causing a disturbance.  There were ladies there that were throwing bottles.  And I'm not mitigating or trying to intimate that throwing a bottle is not a dangerous or a serious thing.  Normal people would pick up the phone and just simply call the police if they wanted somebody to leave.  *You and your club members resorted to violence.*
> The court was able to witness, albeit not by you, and I'm not punishing you for this behavior, but *witnessed one of your club members brandish a gun and actually discharge a gun.*  Thereafter, you produced whatever it is that you produced, clearly heavy enough

to knock out multiple teeth from Ms. O'Neal, and strike her, blindside her as I said, sucker punch her, and caused serious injury to her from that. And so I do believe that the imposition of that fifteen-year term is appropriate given the circumstances of this case.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). To show an abuse of discretion, a defendant bears the burden to affirmatively show that the district court relied on improper factors or clearly untenable reasons. *State v. Sailer*, 587 N.W.2d 756, 759, 762 (Iowa 1998).

We are not entirely persuaded mention of the other club members' conduct was an impermissible factor or unproven fact. That the assault happened during a "brawl" was undisputed and ultimately admitted by Davis in his trial testimony. And we observe the court's characterization is entirely consistent with Davis's. But even if the court's references to third-party conduct were improper, there is also no affirmative evidence the district court relied on others' acts when sentencing Davis. To the contrary, the district court expressly indicated it was *not* punishing Davis for the behavior of others mentioned in its description of the scene.

We take the district court at its word when it disclaims reliance on an improper factor. This practice has been expressly encouraged by the supreme court. *State v. Matheson*, 684 N.W.2d 243, 245 (Iowa 2004) (per curiam) ("As a minimum the court should make it clear the [improper factor] was not a consideration [at sentencing]."). And we frequently affirm sentences on this basis, recognizing we generally believe a district court when it says it is not relying on an

improper factor.  *See, e.g.*, *State v. Herron*, No. 22-1925, 2023 WL 8069491, at *3 (Iowa Ct. App. Nov. 21, 2023); *State v. Begle*, No. 19-1119, 2020 WL 2986130, at *3 (Iowa Ct. App. June 3, 2020); *State v. Horst*, No. 17-1171, 2018 WL 542638, at *2 (Iowa Ct. App. Jan. 24, 2018); *State v. Balderas*, No. 16-0261, 2017 WL 2181198, at *4 (Iowa Ct. App. May 17, 2017); *State v. Ross*, No. 16-1427, 2017 WL 936191, at *1 & n.1 (Iowa Ct. App. Mar. 8, 2017).  To reverse here would be inconsistent with these precedents.

Beyond the case law, we also think this view is supported by sound public policy.  The reality of the busy district-court docket is that extemporaneous remarks are frequently imprecise, and we must trust that district judges are being truthful when they announce that they are not considering arguably improper factors that may otherwise appear in the record.  To conclude otherwise would require us to find the district judge lied or was dishonest.  While some records may support such a conclusion, this one doesn't.  *Cf. State v. Lovell*, 857 N.W.2d 241, 242–43 (Iowa 2014) (per curiam) (vacating a sentence where the district court, after having already been summarily reversed for relying on unproven facts, cited the same unproven facts on remand and only partially disclaimed reliance on the unproven facts after a defense objection).

### III. Disposition

Because the verdict was supported by substantial evidence, Davis did not preserve his due-process challenge, and he did not prove the district court affirmatively relied on an improper sentencing factor, we affirm Davis's conviction and sentence.

**AFFIRMED.**

Sandy, J., concurs; Schumacher, P.J., concurs in part and dissents in part.

**SCHUMACHER, P.J.** (concurring in part and dissenting in part).

I join in the majority opinion as to Davis's sufficiency-of-the-evidence challenge. And I also join with the majority's conclusion that Davis did not preserve his challenge to an in-court identification. But I respectfully dissent as to the majority's opinion that the district court did not rely on an improper sentencing factor and would remand for resentencing in light of controlling supreme court precedent set forth in *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014).

As noted by the majority, the sentencing court stated:

> The court's considered the mitigating circumstances with regard to the passage of time from your more serious prior criminal history to date, but you do have run-ins with the law even recently, albeit not felony in nature.
> The court also is cognizant of the fact that by way of mitigating circumstances counsel continued to use the term "brawl" to the jury. I wouldn't necessarily describe this as a brawl *until the club members, you included, turned it into a brawl*.
> There were ladies there. There were ladies there that were causing a disturbance. There were ladies there that were throwing bottles. And I'm not mitigating or trying to intimate that throwing a bottle is not a dangerous or a serious thing. Normal people would pick up the phone and just simply call the police if they wanted somebody to leave. *You and your club members resorted to violence.*
> The court was able to witness, albeit not by you, and I'm not punishing you for this behavior, but *witnessed one of your club members brandish a gun and actually discharge a gun.* Thereafter, you produced whatever it is that you produced, clearly heavy enough to knock out multiple teeth from Ms. O'Neal, and strike her, blindside her as I said, sucker punch her, and caused serious injury to her from that. And so I do believe that the imposition of that fifteen-year term is appropriate given the circumstances of this case.

Davis claims the sentencing court attributed other offenders' conduct to him when sentencing him to prison. As in *Lovell*, the district court attempted to disclaim consideration of certain factors. *See* 857 N.W.2d at 243. But as our supreme court has stated, "we cannot speculate about the weight the sentencing court gave

to these unknown circumstances. Since we cannot evaluate their influence, we must strike down the sentence." *Id*. The court, citing the need to protect the integrity of our judicial system from the appearance of impropriety, vacated the defendant's sentence and remanded the case to the district court for resentencing. *Id*.

Likewise, because the district court here referenced conduct by others, including brandishing and discharging a gun and turning the incident into a brawl, Davis has proven the court relied on an improper factor at the sentencing hearing. And like in *Lovell*, we cannot speculate about the weight given to these factors by the sentencing judge even though the district court disclaimed reliance on the same. *See id*.

As Davis's argument urges, such statements by the district court can reasonably be interpreted as "mistakenly indicat[ing]" the district court considered an impermissible factor. *State v. Horst*, No. 17-1171, 2018 WL 542638, at *2 (Iowa Ct. App. Jan. 24, 2018) (distinguishing *Lovell*, 857 N.W.2d at 243). Thus, Davis has affirmatively demonstrated the statements create a reasonable "appearance of impropriety." *Lovell*, 857 N.W.2d at 243. Following our supreme court's decision in *Lovell*, "although the district court attempted to disclaim the reference to the impermissible sentencing factor, 'we cannot speculate about the weight the sentencing court gave to [this impermissible factor]. Since we cannot evaluate [its] influence, we must strike down the sentence.'"[1] *Id.* (quoting *State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982)).

---

[1] The State did not address or attempt to distinguish the present circumstances from *Lovell*. As a neutral arbiter, we will not craft arguments in opposition to one

As for the majority's position that remanding cases like this one would somehow cast doubt on the integrity of our district court judges, I purposely decline to engage in detail with that suggestion. But a brief response is necessary. Certainly, our supreme court's determination in *Lovell* was not that the district court judge lied or was dishonest. And it is not the conclusion this dissent draws. But to avoid the appearance of impropriety cited by the *Lovell* court, Davis's sentence should be vacated and this case remanded for resentencing.

---

side for the benefit of the other. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996).